FILED

11 FEB 10 PM 2: 57

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Jason A. Gaza )
    Plaintiff )
     ) CIVIL ACTION
vs. ) FILE NO. 8:11 cv 283 / 27 MAP
     )
Gulf Coast Collection Bureau Inc. )
    Defendant )

# COMPLAINT

Plaintiff, Jason A. Gaza, brings this action against Defendant, Gulf Coast Collection Bureau Inc. (hereinafter "GCCB") on the grounds and the amounts set forth herein.

## I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of consumer debts. Plaintiff, an individual, institutes this action for actual damages, statutory damages against defendant, and the costs of this action Jointly and Severally against the defendant for multiple violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. § 1692 et seq., the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. § 227 et seq., and the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. § 1681 et seq.

## II. PARTIES

1

1. Plaintiff is a natural person, residing in Spring Hill, Pasco County, Florida.

2. Defendant GCCB is a Florida Corporation engaged in the business of collecting debts in the state of Florida, with its principal place of business located at, 5630 Marquesas Circle, Sarasota, Florida 34233.

3. Defendant GCCB may be served upon its registered agent Jack W. Brown, 5630 Marquesas Circle, Sarasota, Florida 34233.

4. Defendant GCCB is engaged in the collection of debts from consumers using the mail and telephone.

5. Defendant GCCB regularly attempts to collect consumer debts alleged to be due to another.

6. Defendant GCCB is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692 A(6).

7. The alleged debt the Defendants were attempting to collect upon was incurred for the personal, family, or household use of the Plaintiff.

### III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by FDCPA, 15 U.S.C. § 1692k (d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

9. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE FDCPA

10. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692 a(3).

12. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692 a(5).

13. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692 a(6).

14. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692 d.

15. Under the FDCPA, a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e.

16. Under the FDCPA, a debt collector may not communicate at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. 15 U.S.C. § 1692c

17. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. 15 U.S.C § 1692k.

### V. STATUTORY STRUCTURE TCPA

18. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") amended the Federal Communications Act, 47 U.S.C. § 151, et seq. ("FCA"), to address the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages received by cell phones, and the use of fax machines to send unsolicited advertisements.

19. Under the TCPA, "automatic telephone dialing system" means equipment which has the capacity—

    (A) to store or produce telephone numbers to be

called, using a random or sequential number generator; and

(B) to dial such numbers.

47 U.S.C. § 227 (a)(1)

20. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

21. Under the TCPA, a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in

its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227 (b)(3).

## VI. STATUTORY STRUCTURE FCRA

22. The FCRA was passed to regulate the collection, dissemination, and use of consumer information, including consumer credit information. 15 U.S.C. § 1681.

23. Consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility including but not limited to credit or insurance to be used primarily for personal, family, or household purposes and employment purposes. 15 U.S.C. § 1681a(d)

24. Consumer Reporting Agency ("CRA") means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f)

25. Under the FCRA, a data furnisher must upon notice of dispute perform an investigation and report the results to the CRA. 15 U.S.C. § 1681s-2(b)

26. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, such amount of punitive damages as the court may allow; and in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. 15 U.S.C. § 1681n

27. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; and in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. 15 U.S.C. § 1681o

### VII. FACTUAL ALLEGATIONS

28. From May of 2008 through July 2010, Plaintiff was seen in Tampa General Hospital ("TGH") and underwent the care of physicians employed by University Medical Service Association Inc. ("UMSA") for the treatment of a life-threatening illness.

29. Plaintiff was billed several thousand dollars from the treatment arising from the emergency room visits and clinic visits at TGH and USMC physicians.

30. At some point after May of 2008, several accounts were forwarded to GCCB for collection.

31. The Plaintiff does not recall ever receiving collection notices from GCCB.

32. On or around the month of March 2009, Plaintiff pulled a credit report from all three bureaus and observed several accounts being reported from GCCB.

33. Sent United States Postal Service ("USPS") Certified Mail on March 21, 2010 with a letter dated March 19, 2010, Plaintiff requested validation and disputed accounts appearing on credit bureau and requested that all future communication be made to the plaintiff's home address only by United States Postal Service.

34. On March 30, 2010, GCCB sent validation of the accounts therefore acknowledging the letter sent March 21, 2010.

35. Sent USPS Certified Mail on May 1, 2010 with a letter dated May 1, 2010, Plaintiff requested validation and disputed accounts and requested that all future communication be made to the plaintiff's home address only by United States Postal Service.

36. On May 11, 2010, GCCB sent validation of the accounts therefore acknowledging the letter sent on May 1, 2010.

37. GCCB continued to call and leave pre-recorded messages on Plaintiff's cell phone after the March 21, 2010 and May 1, 2010 letters requesting no calls.

38. GCCB did not report accounts in dispute as disputed until after an intent to sue letter was sent on June 10, 2010.

39. From Marty Burgess, Patient Accounts Supervisor, Tampa General Hospital, an agreement was reached on August 6, 2010 to settle all sums due to TGH for $1700 and all accounts reported by GCCB for TGH were to be deleted within 30-45 days.

40. A Tampa General Hospital account on the Plaintiff's credit bureau continued to be reported as unpaid by GCCB.

41. On or around October 24, 2010, Plaintiff disputed the paid TGH account with Equifax Information Services, LLC.

42. On or about, November 9, 2010, Equifax Information Services, LLC reported that GCCB verified the TGH account being reported by GCCB as unpaid and the account continued to remain on the Plaintiffs credit bureau.

## VIII. FDCPA VIOLATIONS

43. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants violation of the FDCPA include, but are not limited to the following:

44. The actions of each of the Defendants, individually and collectively, violated the FDCPA.

45. By not reporting Plaintiffs disputed accounts as disputed in a timely fashion and not until an intent to sue notice was sent, GCCB violated the FDCPA by communicating credit information that was known to be false, 15 U.S.C. § 1692e.

46. By not removing the paid TGH accounts and then subsequently verifying the accounts with Equifax, GCCB violated the FDCPA by communicating credit information that was known to be false, 15 U.S.C. § 1692e.

47. On April 14, 2010, by calling the Plaintiff's cellular phone after GCCB received by letter notification that all correspondence had to be made to the Plaintiffs home address and therefore all calls were known to be inconvenient GCCB violated the FDCPA, 15 U.S.C. § 1692c.

48. On April 30, 2010 by calling the Plaintiff's cellular phone after GCCB received by letter notification that all correspondence had to be made to the Plaintiffs home address and therefore all calls were known to be inconvenient, GCCB violated the FDCPA, 15 U.S.C. § 1692c.

## IX. TCPA VIOLATIONS

49. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violation of the TCPA include, but are not limited to the following:

50. The actions of each of the Defendants, individually and collectively, violated the TCPA.

51. Plaintiff's March 19, 2010 letter requesting no computer-generated calls and that all correspondence must be made to Plaintiff's address revoked express consent to call Plaintiff's cellular phone.

52. GCCB's April 14, 2010 call to Plaintiff's cellular phone and subsequent pre-recorded message willfully violated the TCPA.

53. GCCB's April 30, 2010 call to Plaintiff's cellular phone and subsequent pre-recorded message willfully violated the TCPA.

## X. FCRA VIOLATIONS

54. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violation of the FCRA includes, but is not limited to the following:

55. The actions of each of the Defendants, individually and collectively, violated the FCRA.

56. GCCB verified inaccurate information to Equifax, violated the FCRA 15 U.S.C. § 1681s-2(b)

WHEREFOR, Plaintiff prays that judgment be entered against the Defendants' for the following:

(1) Actual damages, pursuant to FDCPA, 15 U.S.C. §1692k.;

(2) Statutory damages pursuant to FDCPA, 15 U.S.C. §1692k.;

(3) Reasonable attorney's and court fees and costs, pursuant to FDCPA and FCRA, 15 U.S.C. § 1692k.;

(4) Statutory and treble damages, pursuant to TCPA 47 U.S.C. § 227(b)(3).

(5) Actual damages pursuant to FCRA 15 U.S.C. § 1681o

(6) Reasonable attorney's fees and costs, pursuant to FCRA, 15 U.S.C. § 1681o

(7) Injunctive relief

(8) Such other and further relief that the Court deems just and proper.

*/s/ Jason A. Gaza*

Jason A. Gaza (Pro Se)
11628 Pilot Country Dr.
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com